IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 5:08cr40-RH

CHRISTOPHER SHAUN LAMAR,

    Defendant.

_____/

ORDER ESTABLISHING PROCEDURES ON A POSSIBLE
SENTENCE REDUCTION UNDER AMENDMENT 782

The defendant Christopher Shaun Lamar appears eligible for a sentence reduction under United States Sentencing Guidelines Amendment 782. This order provides notice of my intention to consider a reduction on my own motion. The order establishes a procedure under which the government must, and Mr. Lamar may, address the issue.

I

The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level"

with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level ordinarily turns on the type and quantity of drugs properly attributed to the defendant. *See* U.S. Sentencing Guidelines Manual ("*Guidelines Manual*") § 2D1.1 (2014).

Amendment 782 became effective on November 1, 2014. The amendment reduced the base offense level for most drug offenses. This came after earlier amendments that also reduced the base offense level for most crack-cocaine offenses. Amendment 706 became effective on November 1, 2007; Amendment 715 became effective on May 1, 2008; and Amendment 750 became effective on November 1, 2011.

II

When the Sentencing Commission adopts an amendment reducing a guideline range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances a court will be allowed to apply the amendment retroactively to a sentence imposed prior to the amendment's effective date. The statute provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and to the extent specified by the Commission. The court may act on its own motion or on motion of a defendant or the Bureau of Prisons. The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements issued by the Sentencing Commission," within the meaning of § 3582(c)(2), are set out in *Guidelines Manual* § 1B1.10. As set out there, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant." *Guidelines Manual* § 1B1.10(a)(3). Reductions under § 3582(c)(2) thus may be—and most commonly have been—handled on written submissions, without a hearing.

### III

Acting under its § 994(u) authority, the Commission amended *Guidelines Manual* § 1B1.10 to include Amendment 782 in the list of retroactive amendments. The change took effect on November 1, 2014.

The Guidelines impose explicit limits. First, a court must not reduce a sentence unless the amendment changed the defendant's guideline range. *See id.* § 1B1.10(a)(1). Second, the Guidelines limit the extent of any reduction. For a sentence within the original guideline range, a reduced sentence must not be below the low end of the amended guideline range. *See id.* § 1B1.10(b)(2)(A). For a sentence that was below the original guideline range as a result of a government motion indicating the defendant provided substantial assistance in the investigation or prosecution of others, a reduction to a sentence "comparably less than the amended guideline range . . . may be appropriate." *Id.* § 1B1.10(b)(2)(B). The guideline does not define "comparably less." *See United States v. Marroquin-Medina*, __ F.3d __, No. 15-12322 (11th Cir. Apr. 1, 2016). Finally, the reduced term of imprisonment must not be less than any applicable minimum mandatory sentence, *see id.* § 1B1.10, cmt. n.1(A), nor less than the time the defendant has already served, *see id.* § 1B1.10(b)(2)(C).

By this order I announce my intention to consider on my own—without a motion by either side—a sentence reduction that is consistent with these limits.

IV

Mr. Lamar was sentenced on February 6, 2013. His total offense level was 36, his criminal history category was III, and the guideline range was 235 to 293 months. The minimum mandatory sentence was 20 years. The judge presiding over

the case at the time sentenced Mr. Lamar to 293 months, the high end of the guideline range.

Under Amendment 782, Mr. Lamar's recalculated total offense level is 34, his criminal history category remains III, and the amended guideline range is 188 to 235 months. Amendment 782 would allow a reduction of Mr. Lamar's sentence to not less than 240 months, which is still the minimum mandatory sentence.

V

Any reduction is discretionary. In deciding whether and how much to reduce a defendant's sentence (within the limits set out above), a court may consider the sentencing factors listed in 18 U.S.C. § 3553(a), the nature and seriousness of the danger that a reduction would pose to any person or the community, and the defendant's post-sentencing conduct. *See Guidelines Manual* § 1B1.10 cmt. n.1(B).

Based on the existing record in this case, including the presentence report, I intend to reduce Mr. Lamar's sentence to 240 months, unless the government or Mr. Lamar shows that I should not do so. So that any issues may be appropriately resolved,

IT IS ORDERED:

1.  By February 3, 2017, the government must file a memorandum setting out its position—or lack of a position—on the possible reduction of Mr. Lamar's

sentence. By the same date, the government may file materials in support of its position. If the government asserts that the presentence report ought not be made available to the Federal Public Defender (for his consideration of whether to seek or accept an appointment for purposes of Amendment 782 proceedings), the government must so indicate in its memorandum.

    2.   At any time, Mr. Lamar may—but need not—file a memorandum addressing the possible sentence reduction, together with any supporting materials.

    3.   An order reducing Mr. Lamar's sentence may be entered at any time after February 3, 2017.

    4.   If, based on the record and the government's memorandum and supporting materials, it appears that the maximum authorized reduction as calculated in the body of this order may not in fact be authorized or, as a matter of discretion, might not be entered, I will consider appointing an attorney for Mr. Lamar, may set a deadline for any further response by Mr. Lamar, and may establish appropriate additional procedures.

    5.   The clerk must provide a copy of this order to Mr. Lamar himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

    SO ORDERED on December 30, 2016.

                                    s/Robert L. Hinkle
                                    United States District Judge