IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 5:08cr40-RH

CHRISTOPHER SHAUN LAMAR,

    Defendant.

_____/

## ORDER DENYING A SENTENCE REDUCTION

The defendant Christopher Shaun Lamar has served nearly 105 months on a 240-month minimum mandatory sentence in the Bureau of Prisons. He has moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), which allows a reduction for "extraordinary and compelling reasons." This order denies the motion.

I

Federal law has long allowed a district judge to reduce a sentence based on "extraordinary and compelling reasons" or in other narrowly defined circumstances. 18 U.S.C. § 3582(c)(1)(A). This is sometimes referred to rather imprecisely as "compassionate release."

Until recently, a district court could grant such a sentence reduction only on motion of the Director of the Bureau of Prisons. The First Step Act changed this, allowing a sentence reduction on the motion of the Director *or the defendant*. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238. A defendant may file such a motion after exhausting administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Or the defendant may file such a motion without exhausting administrative remedies if more than 30 days have passed since the defendant delivered a request for relief to the warden of the defendant's facility. *Id.*

Mr. Lamar filed this motion more than 30 days after requesting relief from the warden. He has met the exhaustion-or-30-days requirement.

II

The statute allows a sentence reduction if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute also allows a reduction for a defendant over age 70 who meets other criteria, but Mr. Lamar is age 43; he does not seek relief based on the over-70 provision.

The covid-19 pandemic is an extraordinary and compelling reason to reduce the sentence of a defendant who is at heightened risk from the disease. *See, e.g.*,

*United States v. McKinney*, No. 4:04-cr-3-RH (N.D. Fla. Sept. 21, 2020); *United States v. Mize*, No. 5:15-cr-25-RH (N.D. Fla. Nov. 1, 2020); *United States v. Ransom*, No. 4:10-cr-54-RH (N.D. Fla. Sept. 21, 2020). The government in this district ordinarily has acknowledged this. *See, e.g.*, *United States v. Mize*, No. 5:15-cr-25-RH, Government's Resp. to Def.'s Mot. for Compassionate Release, ECF No. 327 at 3; *see also United States v. Ransom*, No. 4:10-cr-54-RH at 5 (N.D. Fla. Sept. 21, 2020) (noting the government's inconsistent approach). That a sentence is abnormally harsh or out of line with current standards also may be an extraordinary and compelling reason to reduce the sentence. *See, e.g.*, *United States v. Cotrell*, No. 4:01-cr-11-RH (N.D. Fla. Dec. 1, 2020).

Mr. Lamar asserts he has hypertension. The assertion is not new; he told the presentence writer the same thing. This order assumes Mr. Lamar has hypertension, is at heightened risk from covid-19, and is eligible for a sentence reduction.

That a defendant is *eligible* for a reduction does not mean a court should exercise its discretion to *grant* a reduction. The governing statute, § 3582(c)(1)(A), explicitly requires the court to consider the § 3553(a) sentencing factors to the extent applicable.

As calculated at the time of sentencing, Mr. Lamar's total offense level was 36, his criminal history category was III, and the guideline range, determined

without regard to the minimum mandatory, was 235 to 293 months. The minimum mandatory was 20 years, so the properly truncated guideline range was 240 to 293 months. For the same offense with the same criminal history today, the minimum mandatory would be 10 years, not 20; the total offense level would be 34, not 36; and the guideline range would be 188 to 235 months.

The district judge who was presiding over the case at that time sentenced Mr. Lamar to 293 months, the high end of the guideline range. The judge determined that this sentence was "sufficient, but not greater than necessary, to comply with" the statutory sentencing factors. 18 U.S.C. § 3553(a). Based on United States Sentencing Guidelines Amendment 782, I reduced the sentence to 240 months. This was the greatest permissible reduction under the amendment, because the 20-year minimum was—and still is—applicable.

A sentence reduction under § 3582(c)(1)(A) is not constrained by the minimum mandatory. And now, unlike when the original sentence was imposed and the Amendment 782 reduction was made, the covid risk is a factor in the analysis. Even so, a sentence of time served, or a greater sentence ending before the covid risk is likely to subside, would not be sufficient to meet the § 3553(a) sentencing factors. Based on the entire record, including the presentence report, I conclude as a matter of discretion that Mr. Lamar's sentence should not be reduced at this time.

without regard to the minimum mandatory, was 235 to 293 months. The minimum mandatory was 20 years, so the properly truncated guideline range was 240 to 293 months. For the same offense with the same criminal history today, the minimum mandatory would be 10 years, not 20; the total offense level would be 34, not 36; and the guideline range would be 188 to 235 months.

The district judge who was presiding over the case at that time sentenced Mr. Lamar to 293 months, the high end of the guideline range. The judge determined that this sentence was "sufficient, but not greater than necessary, to comply with" the statutory sentencing factors. 18 U.S.C. § 3553(a). Based on United States Sentencing Guidelines Amendment 782, I reduced the sentence to 240 months. This was the greatest permissible reduction under the amendment, because the 20-year minimum was—and still is—applicable.

A sentence reduction under § 3582(c)(1)(A) is not constrained by the minimum mandatory. And now, unlike when the original sentence was imposed and the Amendment 782 reduction was made, the covid risk is a factor in the analysis. Even so, a sentence of time served, or a greater sentence ending before the covid risk is likely to subside, would not be sufficient to meet the § 3553(a) sentencing factors. Based on the entire record, including the presentence report, I conclude as a matter of discretion that Mr. Lamar's sentence should not be reduced at this time.

### III

This order does not preclude the Bureau of Prisons from releasing Mr. Lamar to home confinement under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136 § 12003(b)(2). This order expresses no opinion one way or the other on whether the Bureau should do so.

### IV

For these reasons,

IT IS ORDERED:

1. Mr. Lamar's motion for a sentence reduction, ECF No. 151, is denied.

2. The clerk must provide copies of this order to Mr. Lamar himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on February 2, 2021.

s/Robert L. Hinkle  
United States District Judge